## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EIHAB ELZUBIER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO.  1:10-CV-3284-SCJ** |
| **SONY MUSIC HOLDINGS INC.,** | ) | |
| **f/k/a and as the successor in interest to** | ) | |
| **SONY MUSIC ENTERTAINMENT,** | ) | |
| **INC.; BOBBY BALLENTINE, and** | ) | |
| **SONY MUSIC HOLDINGS, INC.,** | ) | |
| **d/b/a SONY DADC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED CONSOLIDATED PRE-TRIAL ORDER

### 1.

There are no motions or other matters pending for consideration by the court except as noted: <u>Plaintiff's Motion to Exclude Interpreter Testimony of Nahla Baird. The parties respectfully reserve the right to file such Motions as may be necessary to facilitate the trial of this case, including appropriate Motions in Limine.</u>

### 2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. Provided there is no

resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties. The proper name of the entity named as Sony Music Holdings, Inc. is Sony Music Holdings Inc.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections:  28 U.S.C. § 1332(a).

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          Eihab Elzubier

Karima Al-Amin
1000 N. Indian Creek Drive
Suite A
Clarkston, GA   30021
(404) 508-3332
Facsimile:  (404) 508-3833
lokacl@aol.com

Akil K. Secret, Esq.
The Secret Firm, P.C.
44 Broad Street, N.W.
Suite 507
Atlanta, GA 30303
Phone: (404) 524-5300
Facsimile: (404) 524-5306
asecret@thesecretfirm.com

Peter Andrew Lampros, Esq.
Cook, Hall & Lampros, LLP
Promenade Two, Suite 3700
1230 Peachtree Street, NE
Atlanta, GA 30309
Phone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@cookhall.com

Defendants:   Sony Music Holdings Inc., Bobby Ballentine

Stephen L. Cotter
Pamela N. Lee
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309
(404) 874-8800
Facsimile:  (404) 888-6199
stephen.cotter@swiftcurrie.com
pamela.lee@swiftcurrie.com

6.

Normally, the plaintiff is entitled to open and close arguments to the jury.

State below the reasons, if any, why the plaintiff should not be permitted to open

arguments to the jury.  None.

7.

The captioned case shall be tried (X) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.  Not applicable.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for

counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

No. 21:  Defendant objects to Plaintiff's Question No. 21 as a question regarding a juror's exposure to racial or ethnic prejudice has no bearing on any issue on this case and would only serve to prejudice and bias the jury.

State any objections to defendant's voir dire questions:  None, at this time.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.   None.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for

each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

(1) Duty,

(2) Breach;

(3) Causation,

(4) Comparative Negligence or Assumption of Risk on part of Plaintiff, and

(5) Damages.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. **Defendant objects to Plaintiff's reservation contained in the witness list to add further witnesses later.**

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel is required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the

objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Defendant objects to the introduction of any of the medical records of Plaintiff contained on the Exhibit List (Nos. 1-11) not previously produced in this litigation. Defendants further object to Plaintiff's characterization of documents on the Exhibit list such as "Deposition Exhibits" and request Plaintiff state with specificity which Exhibits he intends to use at trial. Furthermore, Defendants specifically object to the introduction of Plaintiff's**

**Exhibits 17 and 18 as neither of these proffered exhibits was produced during discovery in this case.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

By Plaintiff:

(1)     **David Van Zandt;** pp. 8: 19-22; 9: 2-5; 10: 10-13; 12: 15; 18: 20; 19: 10-13; 21: 15-20; 33: 18-20; 64: 12-15; Van Zandt Letter (Report) to Dr. Handy, p. 0003, p. 0004.

By Defendants Sony Music Holdings Inc. and Bobby Ballentine:

(1)     **David Van Zandt;** p.5, l. 2-p. 50., l. 20 and p.67, l. 24-p. 68, l. 10

(2)     **Christopher Burritt**—The entirety of Mr. Burritt's deposition, taken on August 8, 2011, will likely be introduced.   The transcript having not been received, Defendants request the opportunity to supplement this portion of the Pre-Trial Order with specific pages of testimony to be introduced once the deposition has been transcribed and witness has had an opportunity to read and sign.

**Plaintiff may have objections to portions or all of this testimony and if so we will file a motion.**

(3)   **Eihab Elzubier**—Defendants intend to call Plaintiff Eihab Elzubier to testify live at trial.   Defendant reserves the right to use any portion of the deposition of Eihab Elzubier for impeachment purposes at trial.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel is directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel is directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel is directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met via telephone on August 18, 2011 to discuss in good faith the possibility of settlement of this case.

The court (_____) has or (__X___) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(___X__) Little possibility of settlement.

(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require 1-2 days to present its evidence. The Defendant estimates that they will require 1-2 days to present their evidence. It is estimated that the total trial time is 2-4 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__x__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be

binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this ___ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE


Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

*/s/ Akil K. Secret*_____          */s/ Pamela N. Lee*_____
Counsel for Plaintiff                                    Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing *Proposed Consolidated PreTrial Order* upon all parties to this matter via electronic filing, addressed to counsel of record as follows:

Pamela Newsom Lee, Esq.
Pamela.lee@swiftcurrie.com
Stephen Leroy Cotter, Esq.
Stephen.cotter@swiftcurrie.com

SWIFT CURRIE MCGHEE & HIERS
1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, GA 30309-3238

This 22nd day of August, 2011.

Respectfully submitted,

*/s/ Akil Secret*
Akil K. Secret
Georgia Bar No. 634075
Attorney for Plaintiff

**THE SECRET FIRM, P.C.**
44 Broad Street, NW
Suite 507
Atlanta, GA 30303
Telephone: (404) 524-5300
Facsimile: (404) 524-5306
asecret@thesecretfirm.com

**Attachment "A"**
**Juror Qualifications**

1. Is any member of the panel related by blood or marriage to Plaintiff Eihab Elzubier?

2. Is any member of the panel related by blood or marriage to Plaintiff Eihab Elzubier's attorneys Karima Al-Amin or Akil Secret?

3. Is any member of the panel related by blood or marriage to Defendant Bobby Ballentine?

4. Is any member of the panel an officer, director, shareholder, agent, employee or policyholder, or related by blood or marriage to an officer, director, shareholder, agent, employee or policyholder with Sony Music Holdings Inc.?

5. Is any member of the panel a current employee, past employee, or related by blood or marriage to any employee or contractor of the Zurich Insurance Company?  **Defendant objects to this question as it has not been shown that Zurich Insurance Company has a financial interest in the outcome of the case.**

6. Is any member of the panel a current employee, past employee, or related by blood or marriage to any employee or contractor of the law firm of Swift, Currie, McGhee, & Hiers, LLP?  **Defendant objects to this question as it has not been shown that Swift, Currie, McGhee & Hiers, LLP has a financial interest in the outcome of the case.**

**Attachment "B-1"**
**Plaintiff's General Questions for Juror Voir Dire Examination**

1. Does anyone have a conflict or a situation at home or at work that will not allow you to serve on the jury?  Explain.

2. Do you have any preconceived notions, prejudices or feelings about people who bring lawsuits or make claims for injuries they have sustained arising out of someone else's negligence?

3. Do any of you feel that you would have any difficulty in following the Court's instructions on the law?

4. Is there anyone who absolutely cannot sit on a jury for purposes such as you don't believe in determining the fate of another or you just categorically are opposed to legal proceedings or lawsuits?

5. Have you ever served on a jury?  If so, were you a foreperson?  Did you render a verdict?

6. Did anything occur during the trial of that case that would tend to prejudice you in this matter?

7. Have you, a close family member, or personal friend ever been a witness in court?  If so, please explain.  Would the experience affect your ability to be fair in deciding this case?

8. Have you taken any legal courses?  Explain.

9. Have any of you ever driven or have experience operating a fork lift or similar device?  Explain.

10. Have any of you ever driven or have experience operating a tractor trailer? Explain.

11. Do any of you have experience loading or unloading a tractor trailer with or without the use of a fork lift? Explain.

12. Have you or any of your family members or close personal friends ever been injured by a fork lift or any type of industrial or warehouse equipment? Explain.

13. Does anyone have training on how to operate a fork lift or similar piece of equipment? Explain.

14. Does anyone have any training on how to conduct oneself around a moving forklift or similar piece of equipment? Explain.

15. Are any of you familiar with OSHA Regulations?

16. Have any of you ever worked in a warehouse?

17. Do any of you speak any foreign languages?

18. Have you ever been a translator for a person?

19. Do you have difficulty understanding people who speak with foreign accents? Would you have difficulty listening to testimony that must be translated?

20. Have you ever traveled overseas? Where and in what capacity?

21. Have you ever been exposed to persons who exhibit racial, religious, and/or other ethnic prejudice? Please explain.

22. Do you harbor any prejudices that may affect your sitting as a juror in this case?

23. Is there anything about the nature of this case or about the parties involved that would make you hesitate to sit on this jury?

24. Do you have any prejudices against this particular type of case?

25. Do you have any quarrel with the law, which permits a person to sue for legitimate compensation and damages for injuries sustained due to the negligence of another?

26. Have you had any personal experiences that you believe would prevent you from rendering a fair and impartial verdict in this personal injury case?

27. Is there any other information about you that may affect your ability to be fair and impartial in this case, and which you feel it is important for the judge and lawyers to know about?  If yes, please explain briefly.

28. Do you belong to any organizations whose aim or objective includes the changing of immigration laws in the United States or in the State of Georgia?

**Attachment "B-2"**
**Defendants' Sony Music Holdings Inc. and Bobby Ballentine's General**
**Questions for Juror Voir Dire Examination**

1. Have any of you ever driven or have experience operating a fork lift or similar device?  Explain.

2. Have any of you ever driven or have experience operating a tractor trailer?  Explain.

3. Do any of you have experience loading or unloading a tractor trailer with or without the use of a fork lift? Explain.

4. Have you or any of your family members or close personal friends ever been injured by a fork lift or any type of industrial or warehouse equipment? Explain.

5. Have any of your family members or close personal friends ever been injured by a tractor trailer?  Explain.

6. Does anyone have training on how to operate a fork lift or similar piece of equipment?  Explain.

7. Does anyone have any training on how to conduct oneself around a moving forklift or similar piece of equipment?  Explain.

8. Have you or any member of your family suffered an injury an accident?  Please describe the event, injury and resolution.

9. Does anyone own, operate, or work for any type of tractor trailer company or have a close family member who does?  Explain.

10. Have you or any member of your family ever suffered from injuries to the foot, back, neck, or recurring headaches?  Please state the nature, extend and current status of the injury.

11. Do you or any of your family members suffer from diabetes?  Explain.

12. Do you have any strong negative opinions about large corporations?  Explain.

13. Do you have any strong negative opinions about lawyers or the legal system?  Explain.

14. Do you know or have any knowledge or experience with Eihab Elzubier, Dave Van Zandt, Christopher Burritt, Karima Al-Amin, Akil Secret, Peter Andrew Lampros or Bobby Ballentine?  Explain.

15. Does anyone have any experience with Sony Music?  Explain.

16. Have you or anyone you know ever worked at the facility in Carrollton, Georgia operated by Sony Music Holdings Inc. known as the Sony DADC?  Explain.

17. Does anyone have any special training in the law, insurance, medicine or the healing arts?  Explain.

18.  Have you or anyone in your family ever filed a claim or a lawsuit for personal injury?  Explain.

19. Do you feel that you may have any difficulty being fair and impartial in deciding this case for any reason?  If so, describe how and why.

20.  Do you have any disagreement or problem with the American civil justice system?  If so, describe.

21. Have you or anyone in your family ever received chiropractic treatment more than ten times?  Explain.

22. Have you or any of your family members ever been out of work for more than one year due to disability?  Explain.

**Attachment "C"**

**Plaintiff's Summary of Cause of Action**

This is a personal injury action based on claims of negligence. Plaintiff contends that he suffered personal injuries as a result of the negligence of Defendant Bobby Ballentine. On September 10, 2008, Defendant Bobby Ballentine was operating a forklift while employed by Defendant Sony Music Holdings, Inc., and working within the scope of his employment.

On the day of the incident, Plaintiff was an over-the-road truck driver who stopped to pick up a shipment of merchandise for transport at the Sony Music Holdings Inc.'s DADC Center, an electronics distribution warehouse in Carrollton, Georgia. Plaintiff pulled his truck up to the loading dock, entered the facility, signed in with security, and signed a bill of lading. Defendant Bobby Ballentine had 10 pallets to load onto Plaintiff's trailer, and he asked Plaintiff to count each box of the shipment on the 10 pallets before he loaded them onto Plaintiff's trailer. As Defendant Ballentine attempted to place four pallets onto the trailer with the forklift, he damaged the boxes. Plaintiff then asked Defendant Ballentine to stop loading while he inspected the damaged boxes on the trailer. Plaintiff proceeded to step onto the trailer while making eye contact with Defendant Ballentine. While Plaintiff, however, was in the trailer, Defendant Ballentine forced the forklift away

from the trailer, and struck Plaintiff's chest.  Defendant Ballentine then moved the forklift while Plaintiff was bent forward, and caused Plaintiff to be injured again. Plaintiff lost consciousness and when he recovered, he discovered multiple injuries to his body.

Plaintiff was transported to Tanner Medical Center where he received treatment for bleeding, lacerations, abrasions, avulsions, and open wounds to his elbows, wrist and feet.  Plaintiff continued treatment for his injuries in the city of his residence, Greensboro, North Carolina, and incurred significant medical bills and loss of income.  Plaintiff will continue to suffer damages as a result of his injuries.

Plaintiff has sued Defendants for his injuries, claiming Defendant Ballentine, employee of Sony Music Holdings, Inc., negligently operated the company forklift. Defendant Ballentine's egregious conduct caused severe injuries to Plaintiff's body.   Defendant Sony Music Holdings, Inc.'s employee demonstrated gross negligence, conscious indifference, willful misconduct, and disregard for Plaintiff's rights.   Plaintiff contends Defendant Sony Music Holdings, Inc., as the successor in interest to Sony Music Entertainment, Inc., and Sony Music Holdings, Inc., d/b/a Sony DADC, is vicariously liable under the doctrine of *respondeat superior* for the tortious act committed while its employee, Bobby Ballentine, was

acting in the course of his employment with Defendant Corporation. Plaintiff further contends Defendant Corporation, through its employee, owed Plaintiff a duty of care to operate its machinery in a reasonably safe manner. Plaintiff also contends Defendant Corporation failed to provide a safe facility for truck drivers to receive merchandise, and failed to properly train, monitor, and supervise the forklift employee.

Plaintiff is claiming general damages for past, present and future pain and suffering, mental anguish, emotional distress, loss of enjoyment of life; special damages, including medical bills; and past, present and future lost wages. Plaintiff also seeks punitive damages and attorney's fees.

Negligence of Sony Employee, Bobby Ballentine

1.     Duty of Care:  Defendant Bobby Ballentine had a legal duty to exercise the amount of care that a reasonably careful person would use while operating the forklift used to load merchandise onto trailers in the designated loading areas. This legal duty must conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm;

2.     Breach of Duty:  Defendant Bobby Ballentine is liable for

negligence because he breached the duty by failing to exercise reasonable care in fulfilling the duty.   Defendant breached the duty by failing to exercise ordinary care for others when operating the forklift.

3.      Causation:  Defendant Bobby Ballentine's negligent actions placed Plaintiff in danger and Defendant's actions caused Plaintiff's resulting injuries.

4.      Damages:    Plaintiff suffered actual damages by incurring medical bills and loss of income, and will continue to undergo medical care and procedures with associated pain and discomfort.  Plaintiff also has been deprived and will continue to be deprived of his livelihood as an over-the-road truck driver.

Negligence of Defendant Sony Music Holdings, Inc.

Vicarious Liability.  Under the doctrine of *respondeat superior*, Sony Music Holdings, Inc. is liable for the negligence of its employee, Bobby Ballentine, who acted within the scope of his employment.  *See* O.C.G.A. § 51-2-2.

1.  Legal Duty of Care:  Defendant Sony Music Holdings, Inc., as the successor in interest to Sony Music Entertainment, Inc., and Sony Music Holdings, Inc, d/b/a Sony DADC, had a legal duty to provide a reasonably safe facility for drivers, who hold the status as invitees, to receive merchandise for designated

deliveries.  *See* O.C.G.A. § 51-3-1.  Additionally, Sony Music Holdings, Inc. had a duty to train and supervise its employee to ensure the safety of invitees.

2.  Breach of Duty:  Defendant Bobby Ballentine, while acting within the scope of employment, breached the duty that Defendant Sony Music Holdings, Inc., owed to Plaintiff.

3.  Causation:  Sony Music Holdings, Inc.'s employee, Bobby Ballentine, caused Plaintiff's injuries and Defendant Sony Music Holdings, Inc., is liable for the negligence of its employee.

4.  Damages:  Plaintiff incurred past medical expenses and will continue to incur additional medical bills.  Plaintiff has suffered the loss of ability to work and earn wages, and is claiming special and general damages.  *See* O.C.G.A. § 51-1-6.

Relevant Statutes and Case Law:   O.C.G.A. § 51-1-2; O.C.G.A. § 51-1-6; O.C.G.A. § 51-2-2; O.C.G.A. § 51-3-1; O.C.G.A. § 51-12-2; O.C.G.A. § 51-12-5.1. See

*Lee Street Auto Sales v. Warren*, 102 Ga. App. 345 (1), 116 S.E.2d 243 (1960); *Georgia Kraft Company v. Faust*, 200 Ga. App. 686, 409 S.E.2d 247 (1991); *Hillman v. Carlton Company*, 240 Ga. App. 432, 522 S.E.2d 681 (1999); *Shuman Supply of Savannah, Inc. v. Skinner*, 128 Ga. App. 431, 197 S.E.2d 152 (1973);

*Wakefield v. A. R. Winter Company, Inc.*, 121 Ga. App. 259, 174 S.E.2d 178 (1970).

29 CFR 1910, 178, et. seq.

Plaintiff may supplement this portion and, if so, will do it in a timely manner.


## PLAINTIFF'S DAMAGES

Plaintiff is entitled to receive the following types of damages:

1.  Physical pain and suffering:  Dollar amount to be determined by the enlightened conscience of a fair and impartial jury. O.C.G.A. § 51-12-1 *et seq.*

2.  Emotional/mental pain and suffering:  Dollar amount to be determined by the enlightened conscience of a fair and impartial jury.  O.C.G.A. § 51-12-1 *et seq.*

3.  Medical bills totaling $34,660.50 from 17 medical hospitals, providers, facilities, and pharmaceutical companies.  O.C.G.A. § 51-12-1 *et seq.*

4.  Lost Wages: Past, present, and future amount to be proven at trial in order to be recovered. O.C.G.A. § 51-12-2.

5.          Reasonable attorney's fees and costs of the suit according to

            proof.

6.          Punitive Damages:  An amount to be determined by the jury for

            the intentional, willful, wanton, malicious, and oppressive acts

            of Defendant Bobby Ballentine.  These acts demonstrated a

            reckless disregard for the rights of Plaintiff.  Bobby Ballentine

            carelessly and recklessly struck Plaintiff two times with the

            forklift.  His actions showed an entire want of care which raises

            the presumption of conscious indifference to consequences.

            *See* O.C.G.A. § 51-12-2; O.C.G.A. § 51-12-5.1.  See *Georgia*

            *Kraft Company v. Faust*, 200 Ga. App. 686, 409 S.E.2d 247

            (1991).


Plaintiff reserves the right to supplement this list in the future, so long as the

supplementation occurs at least seven (7) days before trial and will not cause

any undue prejudice to the other parties.

**Attachment "D"**

**Defendant's Summary of Cause of Action**

Plaintiff Eihab Elzubier contends he was injured when a forklift driven by Bobby Ballentine struck him on September 10, 2008.  At the time of the incident, Mr. Elzubier, a tractor trailer driver, was picking up a load of merchandise from the Sony DADC facility in Carrollton, Georgia.

Upon Plaintiff's entry into the facility, he interacted with a security guard, Grady Phillips, signed some paperwork, and was instructed to remain in a roped-off security area while the merchandise was loaded onto his vehicle.  Prior to the loading of the vehicle, he came out of the security area to count the merchandise being loaded and was then supposed to return to the security area.  In addition to being told to remain in the security area by the security guard, there was signage in the area alerting drivers they were not to be in the trailers while merchandise was being loaded.

The items, which were to be loaded on pallets or "skids" onto the trailer, were being placed on the trailer with the use of a forklift driven by Bobby Ballentine.  At some point during the loading process, Plaintiff left the security area, went into the trailer of the vehicle, and did not alert Mr. Ballentine that he was present in the vehicle.  Mr. Ballentine checked the rearview mirrors on the

forklift, saw nothing in his intended path, and began backing the forklift out of the trailer.  He had no knowledge Plaintiff was behind him and struck Plaintiff with the forklift once.

Defendants contend Mr. Elzubier was a trespasser or, at best, a licensee at the place and time of the accident, having lost his status as an invitee after leaving the security area and entering the trailer.  (See *Lenny's Number Two, Inc. v. Echols*, 192 Ga. App. 371 (1989)(noting an invitee's presence on the premises may be limited in space or time and exceeding one's permission in regard to either can cause one to lose status as an invitee); *Armstrong v. Sundance Entertainment, Inc.*, 179 Ga. App. 635 (1986) (noting "it is apparent…that the requirement than an invitee not go beyond the limits of his invitation extends to the temporal dimensions as well as the spatial"); *Huddle House, Inc. v. Burke*, 133 Ga. App. 643 (1974) (holding " an invitation to part of the premises…is not an invitation to all places"); *Langston v. Home Depot, U.S.A. Inc.* ("the duty to keep the premises safe for invitees extends only to such portions of the premises that the owner includes within the invitation to the invitee."); *Bronesky v. Estech, Inc.*, 170 Ga. App. 724 (1984).

Plaintiff assumed the risk of his own injuries, thus barring recovery, by entering the trailer, despite being asked to wait in the security area and despite

signs warning that drivers were not to be in the trailers during loading and unloading, and by standing behind an operational forklift without notice to the driver of his presence in the trailer.  Plaintiff was in the best position to prevent this incident.  Defendants also contend that if Plaintiff did not assume the risk, he was at least negligent, contributing to and barring recovery, or any award in this case should be reduced according to his degree of negligence. Defendants deny that they breached any duty owed to Plaintiff.

**Attachment "E"**

**Facts Stipulated by the Parties**

None.

**Attachment "F-1"**
**Plaintiff's Witness List**

Plaintiff <u>will</u> have the following witnesses present at the trial of this case:

1.    Plaintiff Eihab Elzubier
       Through Counsel of Record

Plaintiff <u>may</u> have the following witnesses present at the trial of this case:

1.  Defendant Bobby Ballentine
    Through Counsel of Record

2.  Dr. Lawal Garba
    Laden Medical Center
    1304 Woodside Drive
    Greensboro, NC 27405

3.  Dr. Roosevelt Smith
    Advanced Integrated Medicine
    4518-A West Market Street
    Greensboro, NC 27407

4.  Dr. Dahari D. Brooks
    Greensboro Orthopedic Center
    3200 Northline Avenue, Suite 200
    Greensboro, NC 27408

5.  Dr. Michael Handy
    Orthopaedic Trauma Specialists
    3515 West Market Street, Suite 110
    Greensboro, NC 27403

6.  Dr. Shawn M. Dalton-Bethea
    Dr. Ernesto M. Botero
    Vanguard Brain & Spine Specialists
    1130 N. Church Street, Suite 200
    Greensboro, NC 27401

7.  Dr. Simone M. Simaan
    Maplewood Chiropractic & Alternative Medicine
    522 North Elam Avenue, Suite 201
    Greensboro, NC 27403

8.  Dr. Michael Tooke
    Spine & Scoliosis Specialists
    2105 Braxton Lane, Suite 101
    Greensboro, NC 27408

9.  Dr. Christopher Y. Blackman
    Piedmont Orthopedics
    300 W. Northwood St.
    Greensboro, NC 27401

10. Dr. Eliot Lewit
    Lewit Headache & Neck Pain Clinic
    2721 Horse Pen Creek Road, Suite 104
    Greensboro, NC 27410

11. Dr. Dennis Egnatz
    Occupational Medicine Solutions
    1386 Westgate Center Drive, Suite C
    Winston-Salem, NC 27103

12. Dr. Nykedra Martin
    HealthServe-Northeast
    149 East Cone Boulevard
    Greensboro, NC 27405

13. Yousif Sabri
    Panther Expedited Services
    3600 McElveen Court
    Greensboro, NC  27401

Plaintiff produced the records from the above-named medical providers during mandatory discovery.  If Plaintiff calls these witnesses, they will be able to testify to information contained in their medical reports.

Plaintiff reserves the right to amend this list in a manner so as not to delay the trial of this matter and give ample notice to Defendants.

**Attachment "F-2" Defendants Sony Music Holdings Inc.'s Witness List**

1.      Plaintiff, Eihab Elzubier—may call
         Through Counsel of Record

2.      Dave Van Zandt—may call
         Guilford Orthopedic and Sports Medicine Center
         1915 Lendew Street
         Greensboro, NC 27408

         Dave Van Zandt may be called as an evidentiary expert and fact witness.  He is expected to testify, as he did in his deposition, regarding a Functional Capacity Evaluation he performed on Plaintiff, including the results of the exam, the method of the exam, documents and questionnaires submitted prior to the exam and any other information and opinions expressed by Mr. Van Zandt in his Functional Capacity Evaluation report and deposition testimony in this case.  Further detail regarding the specifics of Mr. Van Zandt's testimony can be found in his deposition transcript, as he will likely be called as a witness via his deposition rather than live at trial.

3.      Christopher Burritt—may call
         Reporter for Bloomberg.com
         2016 Fleming Road
         Greensboro, NC 27410-9049

4.      Bobby Balentine—may call
         Through Counsel of Record

5.      Debra Walker—may call
         Human Resources Manager
         Sony DADC Facility
         Through Counsel of Record

6.      Grady Phillips—may call
         Security Forces, Inc.
         1930 E Highway 5 #5

Whitesburg, Ga 30135-2730
770-830-0798

7.  Steve McGowan—may call
    Employee, Sony DADC facility
    Through Counsel of Record

8.  Steve Cade—may call
    Employee, Sony DADC facility
    Through Counsel of Record

9.  Rhonda Smith—may call
    Employee, Sony DADC facility
    Through Counsel of Record

10. Winton Akers—may call
    Employee, Sony DADC facility
    Through Counsel of Record

11. Brad Pirch—may call
    Employee, Sony DADC facility
    Through Counsel of Record

12. Johnny Farmer—may call
    Employee, Sony DADC facility
    Through Counsel of Record

13. Nahla Baird—may call
    Professional Linguistics
    3535 Roswell Road, Suite 40
    Marietta, GA 30062
    770-973-0377
    Fax: 678-815-1156.

Ms. Baird, who was present at the deposition of Mr. Elzubier, is an expert in the area of the Arabic language and may be called to testify regarding the Plaintiff's statements at his deposition and interpretation of the testimony given by Plaintiff at his deposition.  Ms. Baird's opinions in this matter will be based on the

testimony of Plaintiff at his deposition given in this matter on or about February 25, 2011, along with her training and experience with the Arabic language.  Should any further interpretation involving the Arabic language become necessary, Ms. Baird may also be presented to provide her expertise.

**Attachment G-1**
**Plaintiff's Exhibit List**

| No. | Exhibit | Tendered | Admitted |
|---|---|---|---|
| 1. | Records of Dr. Lawal Garba of Laden Medical Center | | |
| 2. | Records of Dr. Roosevelt Smith of Advanced Integrated Medicine | | |
| 3. | Records of Dr. Dahari D. Brooks of Greensboro Orthopedic Center | | |
| 4. | Records of Dr. Michael Handy of Orthopaedic Trauma Specialists | | |
| 5. | Records of Dr. Shawn M. Dalton-Bethea and Dr. Ernesto M. Botero of Vanguard Brain & Spine Specialists | | |
| 6. | Records of Dr. Simone M. Simaan of Maplewood Chiropractic & Alternative Medicine | | |
| 7. | Records of Dr. Michael Tooke of Spine & Scoliosis Specialists | | |
| 8. | Records of Dr. Christopher Y. Blackman of Piedmont Orthopedics | | |
| 9. | Records of Dr. Eliot Lewit of Lewit Headache & Neck Pain Clinic | | |
| 10. | Records of Dr. Dennis Egnatz of Occupational Medicine | | |
| 11. | Records of Dr. Nykedra Martin of HealthServe - Northeast | | |

| 12. | Deposition Exhibits | | |
|-----|---------------------|---|---|
| 13. | Any discovery responses filed in this case | | |
| 14. | Any documents included on Defendant's List of Exhibits | | |
| 15. | All pleadings filed in this case | | |
| 16. | Documents for impeachment or rebuttal | | |
| 17. | Functional Capacity Evaluations: What every Attorney Should Know About FCES, David C. Randolph, Trang Nguyen, Phillip Osborne, Vol. 48(3) at 40. (2006) | | |
| 18. | Decision in the case of Eihab A. Elzubier, claim for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income | | |

Attachment G-2
Defendants Sony Music Holdings Inc.'s Exhibit List

| No. | Exhibit | Tendered | Admitted |
|---|---|---|---|
| 1. | Certified Records of Dave Van Zandt (Elzubier-SMC-0001-Elzubier-SMC-0034); Ex. 1 to deposition of David Van Zandt and Ex. 6 to deposition of Plaintiff | | |
| 2. | News Article entitled "Shoppers Seek 'Elusive Game' at U.S. Best Buy, Target (Update3), published on www.bloomberg.com on November 27, 2009, authored by Chris Burritt and Cotten Timberlake (Ex. 1 to deposition of Chris Burritt). | | |
| 3. | Plaintiff's 2007 Income Tax Return (Ex. 2 to deposition of Plaintiff) | | |
| 4. | Plaintiff's 2008 Income Tax Return (Ex. 1 to deposition of Plaintiff) | | |
| 5. | Handwritten diagram of incident by Plaintiff (Ex. 3 to deposition of Plaintiff) | | |
| 6. | Orthopaedic Trauma Specialists document by Dr. Handy dated 12/10/08 releasing Plaintiff to sedentary work (Ex. 4 to deposition of Plaintiff) | | |
| 7. | Plaintiff's Responses to Defendant Sony Music Holdings Inc.'s Requests for Admissions | | |
| 8. | Diagram of Sony DADC facility | | |
| 9. | Photograph 1 of loading dock area where incident occurred (showing one loading dock door, no. 31) | | |
| 10. | Photograph 2 of loading dock area where incident occurred (showing two loading dock doors and security area) | | |
| 11. | Photograph of sign in area where incident occurred reading "No Driver's [sic]in trucks while | | |

| | | | |
|---|---|---|---|
| | loading or unloading.  Management." | | |
| 12. | Photograph 1 of door driver entered at Sony facility and security guard station | | |
| 13. | Photograph 2 of door driver entered at Sony facility and security guard station, including security waiting area | | |
| 14. | Photograph depicting security area adjacent to loading dock where incident occurred | | |
| 15. | Photograph 1 of exterior of loading dock area and door Plaintiff would have entered (from right of area) | | |
| 16. | Photograph 2 of exterior of loading dock area and door Plaintiff would have entered (from left of area) | | |
| 17. | Photograph of side view of forklift involved in incident | | |
| 18. | Photograph of rearview or backup mirrors on forklift involved in incident | | |
| 19. | Photograph of rear of forklift involved in incident | | |
| 20. | Photograph of front of forklift involved in incident | | |
| 21. | Close-up photograph of right rearview or backup mirror on forklift involved in incident | | |
| 22. | Close-up photograph of left rearview or backup mirror on forklift involved in incident | | |
| 23. | Close-up photograph of tire on forklift involved in incident | | |

| 24. | Photograph no. 1 of bottom of forklift involved in incident with tape measure | | |
|---|---|---|---|
| 25. | Photograph no. 2 of bottom of forklift involved in incident with tape measure | | |
| 26. | Plaintiff's Complaint | | |
| 27. | Plaintiff's Amended Complaint | | |
| 28. | Plaintiff's Responses to Defendants' First Requests for Production of Documents | | |
| 29. | Plaintiff's Responses to Defendant's First Interrogatories | | |
| 30. | Plaintiff's Responses to Defendants' Second Requests for Production of Documents | | |
| 31. | Plaintiff's Responses to Defendants' Second Interrogatories and Third Requests for Production of Documents | | |
| 32. | Plaintiff's Responses to Defendant's Third Interrogatories | | |
| 33. | Plaintiff's Supplemental Response to Defendants' Second Interrogatories and Third Request for Production of Documents | | |
| 34. | Medical records from Spine & Scoliosis Center, attached as Exhibit 7 to Plaintiff's deposition | | |