IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EIHAB ELZUBIER | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **vs.** | ) | |
| | ) | **NO.  1:10-CV-3284-SCJ** |
| SONY MUSIC HOLDINGS, INC., | ) | |
| f/k/a and as the successor in interest to | ) | |
| SONY MUSIC ENTERTAINMENT, | ) | |
| INC.; BOBBY BALLENTINE, and | ) | |
| SONY MUSIC HOLDINGS, INC., | ) | |
| d/b/a SONY DADC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTIONS IN LIMINE

**COME NOW** SONY MUSIC HOLDINGS, INC. and BOBBY

BALLENTINE, Defendants herein, and hereby move this Court for an Order in

Limine excluding any testimony, statement, or introduction of evidence by

Plaintiff, Plaintiff's counsel, or any witness on behalf of Plaintiff in the presence of

the jury concerning the following:

## 1.    Testimony Concerning Liability Insurance

Defendants request an instruction from the Court prohibiting any individual

from mentioning or alluding to the existence of any liability insurance.  Evidence

of liability insurance is not admissible at trial.  See Fed. R. Evid. 411.  Thus, any

reference to the Defendants' liability insurance, either during the actual trial of the case or during *voir dire,* is inappropriate. Likewise, any evidence that Defendants' counsel has been retained by Mitsui Sumitomo Insurance Company is inadmissible.

The Georgia Court of Appeals has ruled evidence a defendant is covered by liability insurance is irrelevant and inadmissible at trial. Collins v. Davis, 186 Ga. App. 192 (1988); Goins v. Glisson, 163 Ga. App. 290, 292 (1982). Thus, any reference to the Defendants' liability insurance, either during the actual trial of the case or during the determination of the *voir dire*, would also deny Defendants equal protection of the laws. Article I, Section I, Paragraph II, of the Constitution of the State of Georgia of 1983 proclaims: "Protection to person and property is the paramount duty of government and shall be impartial and complete. No person shall be denied the equal protection of the laws." Ga. Const. Art. I, § I, Para. III (amended 1983). In addition to consistently holding evidence of liability insurance is inadmissible, Georgia Courts have held reference to such evidence may be grounds for a mistrial. City Council of Augusta v. Lee, 153 Ga. App. 94, 99 (1980).

The Supreme Court has also voiced its opinion on the policies underlying such an exclusion, "[k]nowledge of the fact of insurance against liability will motivate the jury to be reckless in awarding damages to be paid, not by the

defendant, but by a supposedly well-pursed and heartless insurance company that has already been paid for taking the risk." Denton v. Con-Way Express, Inc., 261 Ga. 41, 42 (1991), overruled on other grounds, Grissom v. Gleason, 262 Ga. 374, 376 (1992) (citing Wigmore, Evidence, Sect. 282A[3][Chadbourne rev. 1979]). See also Chambers v. Gwinnett Community Hosp., Inc., 253 Ga. App. 25, 26 (2001) ("As our Supreme Court has recognized, the concern is that introducing evidence of a defendant's insurer could motivate a jury to award increased damages.").

The law in Georgia is clear that any question, comment or suggestion regarding the limits of a defendant's liability insurance policy is an improper area of inquiry. See, e.g. Ashley v. Goss Bros. Trucking, 269 Ga. 449, 450 (1998); Denton v. Con-Way Southern Express, 261 Ga. 41, n.2 (1991). Defendants therefore ask the Court to instruct Plaintiff and his attorneys from mentioning the existence of liability insurance in the presence of the jury.

## 2.    Lay Testimony Concerning Medical Diagnosis

Evidence regarding references to medical opinions by Eihab Elzubier's treating healthcare practitioners, other than by physician testimony, either in person or introduced by deposition, is inadmissible. The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons. See Fed. R. Evid. 701; See also

Townsend v. Benya, 287 F. Supp. 2d 868 (N.D. Ill., 2003)(Defendant can testify to subjective symptoms such as pain or existence of bruises, cuts and abrasions); Giordana v. Equitable Life Assurance So. of United States, 13 Fed. Rules Evid Serv. 374 (DC NJ, 1983)(lay witnesses could not testify deceased was suicidal or depressed, but could testify as to whether he appeared depressed); See Fed. R. Evid. 701.   Likewise, any other lay witness on behalf of Plaintiff, including Plaintiff himself, cannot testify as to Eihab Elzubier's medical diagnosis or medical condition.   Therefore, Defendant requests an Order from the Court restricting Plaintiff or Plaintiff's lay witnesses from offering medical testimony and opinions.

**3.     Testimony Concerning Defendant Bobby Ballentine's Subsequent Forklift Accident**

Defendants anticipate that Plaintiff may attempt to elicit testimony concerning Defendant Bobby Ballentine's subsequent forklift accident.   However, such evidence is irrelevant under Fed. R. Evid. 401 and 402, as it has no tendency to prove any fact for purposes of the jury's determination in this case.

Testimony concerning defendant's subsequent accident should likewise be excluded because its prejudicial nature clearly outweighs any possible, probative value in this case.   Even relevant evidence may be excluded if its probative value is substantially outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury."   Fed. R. Evid. 403.

Finally, the introduction of evidence of "other incidents" is merely an effort to introduce "character" evidence which is prohibited under Fed. R. Evid. 404(a), and the exception set forth in Rule 404(b) does not apply.  Stated otherwise, it is impermissible to introduce evidence that someone was careless on one occasion to demonstrate that he was careless on a separate occasion.  Pahl v. Robinson, 2009 U.S. Dist. LEXIS 78418 (M.D. Ga. Sept. 1, 2009).  Therefore, Defendants request an Order from the Court restricting Plaintiff or Plaintiff's witnesses from offering or soliciting any testimony or evidence of Defendant Bobby Ballentine's subsequent forklift accident.

Furthermore, the subsequent incident does not qualify as a "substantially similar" incident and should be precluded.  In the Eleventh Circuit, "evidence of *prior* similar incidents is admissible when 'the proponent of such evidence…show[s] that conditions substantially similar to the occurrence caused the prior accidents…" Martin v. Altec Indus., 2005 U.S. Dist. LEXIS 47248 (N.D. Ga., Dec. 30, 2005)(citing Heath v. Suzuki Motor Corp., 126 F.3d 1391 (11th Cir. 1997)(emphasis supplied).  In this case, there has been no showing of a substantial similarity between the two incidents and, even if there were, the substantially similar incident must occur *prior* to the incident in question to be relevant.

**4.     Any Experts and/or Expert Opinions Not Properly and Timely Identified in Discovery**

Defendants refer this Court to their previously filed Objections to Plaintiff's Motion to Amend the Pre-Trial Order and Plaintiff's Amended Initial Disclosures regarding the introduction of experts not properly and timely identified in discovery and pre-trial procedures.   Plaintiff should be precluded from the introduction of both witnesses and exhibits which were not properly and timely identified pursuant to Fed. R. Civ. P. 26.

**5.     Evidence or Argument Invoking the "Golden Rule"**

Defendants also anticipate Plaintiff may encourage jurors to place themselves in Eihab Elzubier's position, and thereby suggest that the jurors consider the outcome they would want if they were faced with a similar situation. Any such argument is improper because it asks the jurors to view the case from the biased, subjective standpoint of a litigant rather than fair and impartial jurors. Woods v. Burlington N. R. Co., 768 F.2d 1287 (11th Cir. 1985)(rev'd on other grounds Burlington N.R. Co. v. Woods, 480 U.S. 1 (1987).   Furthermore, invocation of the so-called Golden Rule is reversible error.   Id.   For these reasons, this Court should prohibit any jury argument that implicates the Golden Rule.

**6.      Evidence or Argument Alluding to Any Party's Financial Status**

Plaintiff may attempt to elicit testimony concerning the relative financial status of Eihab Elzubier and Defendants, particularly the corporate defendants.

Evidence of the parties' wealth or worldly circumstances is both irrelevant and prejudicial to Defendants.  In order to be considered relevant, evidence must (1) have a tendency "to make a fact more or less probable than it would without the evidence" and (2) the fact must be "of consequence in determining the action." Fed. R. Civ. P. 401.  Evidence of the wealth of the parties is not relevant and will not prove or have any consequence in whether Defendants breached any duty owed to Plaintiff and whether said breach cause Plaintiff's injuries.  Further, Fed. R. Civ. P. 403, even if relevant, such evidence would be inadmissible because its "probative value is substantially outweighed by a danger of…unfair prejudice…" Fed. R. Civ. P. 403.

Evidence of the parties' financial circumstances would serve only to prejudice the jury, and such evidence would not provide the jury with any information relevant to the issue of whether Defendants are liable to Plaintiff.  For these reasons, this Court should prohibit any jury argument that implicates either party's financial status.

7.     **Lost Earnings or Loss of Future Earnings**

Defendants anticipate Plaintiff may attempt to show lost earnings and loss of future earnings based upon prior year tax returns.  Plaintiff, in claiming taxable income or business profits on his taxes, subtracted the expenses of operating his business, specifically the expenses related to the operation and upkeep of the tractor trailer rig driven by him.  Plaintiff should now only be able to base his lost earnings claim upon his *net* profits, after expenses, and upon which he paid taxes.

Where damages are sought for the interruption of an established business or profession, it is proper to calculate any corresponding loss based on operations for a reasonable period immediately prior to the injury.  Atlanta Gas Light Co. v. Newman, 88 Ga. App. 252, 252 (1953).  In that respect, it is generally accepted that prior tax returns may be used to establish such loss of earnings.  See Quicktrip Corp. v. Childs, 220 Ga. App. 463 (1996).  Importantly, it is also clear that *a claimant is only entitled to his "net" earnings* during the period of alleged loss.[1]

---

[1] Dossie v. Sherwood, 308 Ga. App. 185 (2011) (award of net earnings was proper); Allstate Ins. Co. v. Torok, 168 Ga. App. 517 (1983) (prior tax returns showing net loss suggested plaintiff's business actually improved in his absense); Miller v. Tuten, 137 Ga. App 188 (1976) (allowing gross receipts without subtracting business expenses would result in distortion of real earnings); See Atlanta Gas Light Co. v. Newman, 88 Ga. App. 252 (1953) (holding that claimant cannot recover both lost profits and expenses of operation);  Southern Cotton Oil Co. v. Yarborough, 26 Ga. App 766 (1921) (allowing plaintiff to recover gross revenue without deducting expenses would result in windfall to plaintiff); Chappell v. Western Ry. of Ala., 8 Ga. App. (1911) (plaintiff should be allowed to recover

In other words, the proper measure of damages is the *actual loss*, and not the gross amount of revenue allegedly lost from the time of injury.  This is premised on the public policy that to admit evidence of gross receipts without taking expenses into account would clearly result in a distortion of a plaintiff's real earnings, and would place such plaintiff in a far better position than if an injury had never occurred. Miller v. Tuten, 137 Ga. App 188 (1976); Southern Cotton Oil. Co., 26 Ga. App. 766.

Thus, Defendants request Plaintiff only be allowed to introduce evidence as to his net income or profits, and not his gross income prior to paying the expenses of his business.  To allow recovery of gross income would result in a windfall to Plaintiff and place him in a better position than if he had not been injured.

## 8.    Plaintiff should be precluded from arguing punitive damages

Plaintiff has alleged punitive damages in his Complaint.  Plaintiff should be precluded from arguing punitive damages.   The statute authorizing punitive damages, O.C.G.A. § 51-12-5.1 requires the Plaintiff, in order to recover punitive damages, to show "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1.  There is no such evidence in this case.

---

only the net loss sustained); Tygart v. Albritton, 5 Ga. App. 412 (1909) (claimant "cannot recover both net profits and expenses incurred in making the net profits").

Something more than the mere commission of a tort is necessary to impose punitive damages; negligence alone, even gross negligence, will not support such an award.  Lewis v. Suttles Truck Leasing, Inc., 869 F.Supp. 947 (S.D. Ga. 1994). In this case, there is no evidence of willful misconduct or malice on the part of Defendant Ballentine toward Plaintiff and no evidence he intended to injure him.

If the Court does choose to allow Plaintiff to proceed with his argument relating to punitive damages, this Court should bifurcate the trial under O.C.G.A. § 51-12-5.1(d).  Under that statute, the jury must first determine whether an award of punitive damages shall be made.  The trial should then be "recommenced in order to receive such evidence as is relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case."  O.C.G.A. § 51-12-5.1(d).  The statute requires severance of the trial between liability for punitive damages and the amount thereof.  Moresi v. Evans, 257 Ga. App. 670 (2002).


This 20th day of March, 2012.




*[Signature on following page.]*

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**


By:     _/s/ Pamela N. Lee_____
        Stephen L. Cotter
        Georgia State Bar No.189725
        Pamela N. Lee
        Georgia State Bar No. 198981
        Attorneys for **Defendants**
        **Sony Music Holdings, Inc. and**
        **Bobby Ballentine**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA   30309-3231
Phone: (404) 874-8800
Fax:  (404) 888-6199
Stephen.cotter@swiftcurrie.com
Pamela.lee@swiftcurrie.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing *Defendants' Motions in Limine* upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Karima Al-Amin
1000 N. Indian Creek Drive, Suite A
Clarkston, GA   30021

Akil K. Secret
The Secret Firm, P.C.
44 Broad Street, N.W., Suite 507
Atlanta, GA 30303

Peter Andrew Lampros, Esq.
Cook, Hall & Lampros, LLP
Promenade Two, Suite 3700
1230 Peachtree Street, NE
Atlanta, GA 30309

This 20th day of March, 2012.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   _/s/_ Pamela N. Lee_____

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Stephen.cotter@swiftcurrie.com
pamela.lee@swiftcurrie.com

Stephen L. Cotter
Georgia State Bar No. 189725
Pamela Newsom Lee
Georgia State Bar No. 198981
Attorneys for **Defendants**
**Sony Music Holdings, Inc. and**
**Bobby Ballentine**

- 12 -

2439837v.1