# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EIHAB ELZUBIER, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION<br>: No. 1:10-cv-03284-SCJ |
| SONY MUSIC HOLDINGS, INC.<br>f/k/a and as the Successor in Interest<br>to SONY MUSIC ENTERTAINMENT,<br>INC.; BOBBY BALLENTINE; and<br>SONY MUSIC HOLDINGS, INC.<br>d/b/a SONY DADC, | : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE AND INCORPORATED BRIEF OF LAW**

Plaintiff, by and through counsel, pursuant to the Court's directive of March 23, 2012, responds to sections 2, 7 and 8 of Defendants' Motion in Limine and requests that the Court deny those sections. In support of his response, Plaintiff shows the Court as follows:

**1.  (Defendants' Section 2) – Lay Testimony Regarding Medical Diagnosis**

Defendants' motion regarding Plaintiff own testimony regarding his medical diagnosis should be denied to the extent it seeks to preclude Plaintiff from

testifying regarding his injuries, his symptoms, pain and/or treatment or the effect of the injuries on Plaintiff.  A plaintiff may testify about his symptoms, his pain and the treatment he underwent. *See Townsend v. Benya,* 287 F.Supp.2d 868, 875 (N.D.Ill.2003) (finding that testimony by plaintiff regarding subjective symptoms such as pain was admissible because it did not require the knowledge of an expert witness) (citing Fed.R.Evid. 701); *see also, Mickey v. Dargis,* 2004 U.S. Dist. LEXIS 7064, *4-5, 2004 WL 887361 (N.D.Ill.2004) (stating that plaintiff could testify about "his treatment, e.g., sutures and prescriptions, and how he felt at various times-matters of personal knowledge and observation well within his competence.").

Likewise, a plaintiff is competent to testify as to the effect the injuries have on him and his ability to perform various tasks. *See Richardson v. Boddie-Noell Enterprises, Inc.*, 78 Fed.Appx. 883 (4th Cir. 2003) (Customer's testimony during personal injury trial related to his slip and fall in a restaurant, that he was unable to perform various physical activities since his fall, such as breaking cattle and loading and unloading tractors, was admissible to show the extent of customer's physical injuries and mental suffering). *See also Guyer v. Mayor and Aldermen of City of Savannah*, 292 S.E.2d 445 (Ga.App.,1982) (an injured person is familiar with his/her own physical condition and may testify as to observations of the condition's effect on her work).  To the extent Defendant seeks to preclude Plaintiff

from testifying regarding any of the foregoing, this section of Defendant's motion should be denied.

**2. (Defendants' Section 7) – Lost Earnings or Loss of Future Earnings**

In this diversity action, the law of Georgia will determine the measure of damages[1]. In Georgia, the loss of one's earnings from the date of injury to the date of trial as a result of a personal injury is a separate and distinct pecuniary damage that is recoverable, so long as the amount can be determined with reasonable certainty. *Dossie v. Sherwood*, 707 S.E.2d 131, 133 - 134 (Ga.App.,2011). If it has been sufficiently established that the loss of earnings was caused by the tortious conduct of the defendant, the fact that the exact measure of the earnings lost may be challenging for the jury to calculate does not preclude their recovery. Id. See also *Quiktrip Corp. v. Childs,* 469 S.E.2d 763 (Ga. App. 1996) (Lost wages and earnings are recoverable where the evidence shows the amount of the loss with reasonable certainty and the evidence permits the jury to determine the amount of the loss without speculation or guesswork); *Beal v. Braunecker,* 364 S.E.2d 308

---

[1] Defendants rely, almost exclusively, on cases that address lost profits, not lost earnings. Under Georgia law, there is a distinction between lost profits and lost earnings. See *Fouts v. Builders Transport, Inc.*, 474 S.E.2d 746 (Ga.App.1996).

(Ga. App. 1987) (holding that trial court did not commit reversible error in charging jury that "reasonable certainty" was the proper standard for establishing the value of plaintiff's "lost earnings," and that "some evidence was all that was required in this matter").

Additionally, to the extent Defendants' motion seeks to preclude evidence/argument/instruction regarding diminution of future earning capacity, it should be denied. Under Georgia law, a jury may award the plaintiff damages for diminished earning capacity, whether or not the evidence establishes with any exactitude the lost future earnings, based on evidence of what the plaintiff was able to do before and after the injury, the nature and percentage of permanent impairment, and the value of the services before the injury. Olariu v. Marrero, 549 S.E.2d 121 (Ga.App. 2001).

Additionally, expert opinion testimony is not required to establish permanency of injury for purposes of damage award of future earnings or diminished future earnings. *Super Discount Markets, Inc. v. Coney*, 436 S.E.2d 803 (Ga.App. 1993). So to the extent Defendants' motion seeks to preclude evidence of lost future earnings (through loss of future earning capacity), the motion should be denied.

### 3.     (Defendants' Section 8) – Punitive Damages[2]

Defendant moves the Court for an order precluding Plaintiff "from arguing punitive damages." (See Defendants' Motion in Limine, ¶ 8). Because Plaintiff seeks punitive damages, he should be allowed to elicit testimony or present evidence that the jury may consider to be grounds for punitive damages in a bifurcated proceeding. When punitive damages are sought, it is not be improper for a plaintiff to argue that the jury should "send a message." *Dimaso v. Ford Motor Co.*, 2003WL2850075, 1 (Cobb County, Ga. Superior Court 2003).

Defendant has not moved the Court to preclude Plaintiff from trying to present evidence that would serve as the grounds for punitive damages, only from "arguing" punitive damages. As stated at the March 23, 2012 pretrial conference, Plaintiff has no intention of "arguing" punitive damages except during the second phase of a bifurcated proceeding. Whether there will be evidence sufficient to be grounds for punitive damages is unknown inasmuch as there has been no trial

---

[2] This section of Defendants' Motion is really a late-filed motion for summary judgment or motion to dismiss Plaintiff's punitive damages claim. See *Schwartz v. Brancheau*, 702 S.E.2d 737( Ga.App. 2010) (motion in limine to preclude evidence of punitive damages is, in essence, a motion to dismiss those claims).

testimony. Nonetheless, Plaintiff should be permitted to try to elicit testimony and present evidence that would serve as the basis for punitive damages and further should be permitted to argue that the evidence supports the finding that punitive damages are appropriate.

For the foregoing reasons and authorities, Plaintiff respectfully requests that the Court deny the Defendants' motion as set forth above.

This the 28th day of March, 2012,

**COOK, HALL & LAMPROS, LLP**

/s/ Andrew Lampros
ANDREW LAMPROS
Georgia Bar No. 432328

Promenade Two, Suite 3700
1230 Peachtree Street, NE
Atlanta, Georgia 30305
Ph.: (404) 876-8100
Fx.: (404) 876-3477

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2012, I electronically filed the foregoing **Plaintiff's Response to Defendants' Motion in Limine and Incorporated Brief of Law** with the Clerk of the Court using the CM/ECF which will automatically send notice of same to the following counsel:

Stephen L. Cotter<br>
Pamela N. Lee<br>
Swift Currie McGhee & Hiers, LLP<br>
1355 Peachtree St. NE<br>
Suite 300<br>
Atlanta, GA 30309

This 28th day of March, 2012,

**Cook, Hall and Lampros, LLP**

/S/ Andrew Lampros
Andrew Lampros