IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EIHAB ELZUBIER ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | |
| ) | NO. 1:10-CV-3284-SCJ |
| SONY MUSIC HOLDINGS, INC., ) | |
| f/k/a and as the successor in interest to ) | |
| SONY MUSIC ENTERTAINMENT, ) | |
| INC.; BOBBY BALLENTINE, and ) | |
| SONY MUSIC HOLDINGS, INC., ) | |
| d/b/a SONY DADC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTIONS IN LIMINE**

COME NOW SONY MUSIC HOLDINGS, INC. and BOBBY BALLENTINE, Defendants herein, and hereby files the following Reply in Support of their Motions in Limine and presents a proposed Order, filed simultaneously herewith:

**1.      Lay Testimony Concerning Medical Diagnosis**

The arguments presented by Plaintiff do not substantially differ from those presented by Defendants. Plaintiff is correct that he can testify regarding his subjective feelings (pain, numbness, etc.), about receiving medical care, and regarding how the injuries have affected him. However, as is set forth fully in the

Motion in Limine, Plaintiff, like any other lay witness, cannot testify as to the medical diagnosis or prognosis.

## 2. Lost Earnings or Loss of Future Earnings

Defendants seek to properly limit evidence or testimony regarding Plaintiff's lost earnings to the net earnings, rather than the gross. Plaintiff points out in a footnote that "Defendants rely, almost exclusively, on cases that address lost profits, not lost earnings." *See Plaintiff's Response to Defendants' Motion in Limine and Incorporated Brief of Law,* page 3. Defendants have done so purposefully and intentionally. Plaintiff's tax returns do not claim earnings or wages from employment, but claim a business, with attendant reductions for the operation of that business. Plaintiff cannot claim a lower amount earned on his taxes and then come into Federal Court and claim an entirely different, and higher, amount is really the proper valuation of his income.

As is set forth more fully in the Defendants' Motion in Limine, Plaintiff should only be allowed to present argument and evidence regarding his *net* income, not the gross income prior to deductions for the expenses of operating his business. The remaining arguments and cases cited by Plaintiff have no bearing or relevance on this Motion. The defense has made no argument regarding the certainty or ability to calculate Plaintiff's previous income. Rather, Defendants seek to have Plaintiff limit the claim of income to the amount claimed to the federal government

on his income taxes, which is a proper way to calculate said income. See Quicktrip Corp. v. Childs, 220 Ga. App. 463 (1996). Secondly, Defendants make no arguments regarding evidence on Plaintiff's future earning capacity, if such is based upon his previous *net* income, and do not contend expert testimony is needed to establish permanency of the injury for purposes of the damage award.

3.   **Plaintiff should be precluded from arguing punitive damages**

As presented at the March 23, 2012 Pre-Trial Conference, Defendants seek to limit Plaintiff from arguing or presenting evidence regarding punitive damages as Plaintiff has presented no evidence sufficient to establish that Defendants acted with any sort of willfulness, wantonness or other behavior which would entitle Plaintiff to punitive damages. With no evidence whatsoever, it would be prejudicial to Defendants to even have a question regarding whether Plaintiff is entitled to punitive damages on the verdict form.

Something more than the mere commission of a tort is necessary to impose punitive damages; negligence alone, even gross negligence, will not support such an award. Lewis v. Suttles Truck Leasing, Inc., 869 F.Supp. 947 (S.D. Ga. 1994) (citing Colonial Pipeline Co. v. Brown, 258 Ga. 115, 121-22, 365 S.E.2d 827, *appeal dismissed,* 488 U.S. 805, 102 L. Ed. 2d 15, 109 S. Ct. 36 (1988); Ballard v. Keen Transp., Inc., 2011 U.S. Dist. LEXIS 5487 (S.D. Ga., Jan. 19, 2011); In re Stand 'n Seal, Prods. Liab. Litig., 2008 U.S. Dist. LEXIS 63540 (N.D. Ga., July

14, 2009)(citing Banks v. ICI Ams., Inc., 266 Ga. 607 (1996). In this case, there is no evidence of willful misconduct or malice on the part of Defendant Ballentine toward Plaintiff and no evidence he intended to injure him. A Motion in Limine can be a proper was to address whether punitive damages can be presented and argued. See Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011).

This 5th day of April, 2012.

                      Respectfully submitted,

                      **SWIFT, CURRIE, McGHEE & HIERS, LLP**

            By:    _/s/ Pamela N. Lee_
                      Stephen L. Cotter
                      Georgia State Bar No.189725
                      Pamela N. Lee
                      Georgia State Bar No. 198981
                      Attorneys for **Defendants**
                      **Sony Music Holdings, Inc. and**
                      **Bobby Ballentine**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA 30309-3231
Phone: (404) 874-8800
Fax: (404) 888-6199
Stephen.cotter@swiftcurrie.com
Pamela.lee@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing ***Defendants' Reply in Support of Motions in Limine*** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Karima Al-Amin
1000 N. Indian Creek Drive, Suite A
Clarkston, GA   30021

Akil K. Secret
The Secret Firm, P.C.
44 Broad Street, N.W., Suite 507
Atlanta, GA 30303

Peter Andrew Lampros, Esq.
Cook, Hall & Lampros, LLP
Promenade Two, Suite 3700
1230 Peachtree Street, NE
Atlanta, GA 30309

This 5th day of April, 2012.

                        SWIFT, CURRIE, McGHEE & HIERS, LLP

                        By:    /s/ Pamela N. Lee

| | |
|---|---|
| The Peachtree, Suite 300 | Stephen L. Cotter |
| 1355 Peachtree Street, N.E. | Georgia State Bar No. 189725 |
| Atlanta, Georgia 30309-3231 | Pamela Newsom Lee |
| Telephone: (404) 874-8800 | Georgia State Bar No. 198981 |
| Facsimile:  (404) 888-6199 | Attorneys for **Defendants** |
| Stephen.cotter@swiftcurrie.com | **Sony Music Holdings, Inc. and** |
| pamela.lee@swiftcurrie.com | **Bobby Ballentine** |